In the Matter of the Claim of ROSARIO ROMANO, Respondent, against THE CITY OF NEW YORK, Appellant. SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent; STATE INDUSTRIAL BOARD, Respondent.— The city of New York, a self-insured employer, has appealed from an award of the State Industrial Board in claimant's favor. The sole question is whether or not the award is properly made against the city or whether it should have been made against the Special Fund under the provisions of section 25-a of the Workmen's Compensation Law. On November 16, 1927, while claimant was engaged in his regular occupation, he received injuries which caused an epigastric hernia which required operative interference. In January, 1930, he suffered a recurrent hernia which made a second operation necessary. A third operation became necessary in November, 1940. The Board found that between the years 1930 and 1939 the appellant furnished claimant with four or five truss belts, the last of which was furnished claimant on July 10, 1939. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of CLAUDE CLARKE, Respondent, against CHARLES J. HERSON and Others, Appellants, and AMERICAN MUTUAL LIABILITY INSURANCE Co., Respondent. STATE INDUSTRIAL BOARD, Respondent.— Appellants obtained a workmen's compensation insurance policy which covered domestic help. Their cook received burns from hot grease. The insurance policy contained the names of the employers and gave the address as 906 Sound View drive, Mamaroneck, N. Y. This was recited in the policy to be the residence and business address of the employers " for the purpose of serving notice, as in the policy provided." The premium on the policy was not paid and it was canceled. Notice of cancellation was given at the address mentioned on August eighth, and the injury was suffered on September 9, 1938. No award was made as the Industrial Board determined that the claim did not come within the provision of the law. Only the employers appeal, and the ground of their appeal is that the Industrial Board should have changed the terms of the policy to require that notice be given for cancellation or any other purpose at 261 Broadway, New York city, the law office of Charles J. Herson, one of the employers and appellants. On May 5, 1937, one of the employers did write a letter to the carrier containing this statement: " You will please send all future policies and bills for premiums and any correspondence on any and all of my policies of insurance that I carry with your company to my office at 261 Broadway * * *." These appellants have never paid for the policy. It is doubtful if they are aggrieved parties with a right to appeal. The registered letter containing the notice of cancellation was received by the claimant's wife who also worked in appellants' household. The Industrial Board was not required, in the exercise of its equity powers, to modify the terms of the policy. Decision unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.